IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSE MIGUEL HILARIO,
    Petitioner,

vs.                                         Case No. 5:13cv194/LC/CJK

WARDEN N. C. ENGLISH,
    Respondent.

---

# REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that petitioner has not demonstrated entitlement to proceed under § 2241, and that this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the Federal Correctional Institution in Marianna, Florida, is currently serving a sentence imposed by the United States District Court for the District of Rhode Island in *United States v. Hilario*, Case Number 1:08cr79 (hereinafter "Rhode Island Case No. 1:08cr79"). (Doc. 1, p. 2).[1]

---

[1] All references to page numbers are to those printed on the petition form.

In Rhode Island Case No. 1:08cr79, petitioner was convicted, pursuant to his guilty plea, of one count of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count I); and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4) (Count II). (Rhode Island Case No. 1:08cr79, Judgment at Doc. 10). Petitioner was sentenced on July 29, 2009, to concurrent terms of 150 months imprisonment as to Count I and 120 months imprisonment as to Count II, followed by concurrent terms of life on supervised release. (*Id*.). The statutory maximum for the distribution offense was twenty years imprisonment, and the statutory maximum for the possession offense was ten years imprisonment. (*See* 18 U.S.C. § 2252(b)(1) and (2), respectively; *see also* Rhode Island District Court Case No. 1:08cr79, Doc. 2, p. 4). Petitioner did not directly appeal from the judgment and has not collaterally attacked his sentence under 28 U.S.C. § 2255. (Doc. 1, p. 5; *see also* Docket of Rhode Island District Court Case No. 1:08cr79). Petitioner states that he attempted to challenge his conviction through the Bureau of Prison's administrative grievance process, but was told he must present his claims in a judicial proceeding. (Doc. 1, pp. 3-4 and Attach.).

In this habeas action, petitioner challenges his 2009 criminal judgment on the following grounds (and in his own words): (1) "TERRITORIAL JURISDICTION – The judge showed prejudice when they violated the rule of onus probandi, and by running interference for the Government by personally claiming the court's jurisdiction under Title 18 USC § 3231; rather than ordering the Proof to be brought forward by the Plaintiff (actor) in the action."[2] and (2) "LEGISLATIVE

---

[2]Title 18 U.S.C. § 3231 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

ENACTMENT JURISDICTION OF THE SUBJECT MATTER – the only claimed jurisdictional statute/s fails the U.S. Constitution's Enactment and Presentment Clauses of Article I, §§ 7.2 & 7.3.". (Doc. 1, pp. 7-8). When directed on the petition form to explain why he did not present his grounds in earlier judicial proceedings that were available to him, petitioner states: "Counsel refused to challenge the jurisdiction of the Court". (Doc. 1, p. 9). As relief, petitioner seeks the following:

> This Petition invokes Title 28 USC § 2243 wherein is mandated that the Court Orders: 1) the Respondent/s respond with a show of cause within (3) days for why this Writ should not issue; 2) an Evidentiary hearing demanded within § 2243 within (5) days of receipt of the response; 3) the arrest, conviction, and summary judgment in the criminal case described to be VACATED with prejudice as being VOID ab initio; 4) the immediate release of the Petitioner from incarceration including any Supervisory release requirements; 5) refunds of any Special assessments, fines, or other fees; 6) such other relief as this Honorable Court deems appropriate.

(*Id*., p. 9).

## DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[3] ("Attacks on the underlying validity of a

---

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c).").  Direct review of a federal conviction and sentence may be sought by filing a notice of appeal in the underlying criminal case.  A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court which imposed the sentence.  *Darby*, 405 F.3d at 944; *see also* 28 U.S.C. § 2255(a) (providing that a federal prisoner may file a § 2255 motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.").

Section 2255(e) bars a § 2241 petition if the prisoner has failed to seek, or has already been denied relief on a § 2255 motion, "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) ("[A] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so.").  The narrow exception to the § 2255(e) bar is called the "savings clause."  *Gilbert v. United States*, 640 F.3d 1293, 1305-06 (11th Cir. 2011), *cert. denied*, — U.S. — , 132 S. Ct. 1001, 181 L. Ed.2 d 743 (2012).  "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).  "The applicability of the savings clause is a threshold jurisdictional issue. . . ." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013).

The Eleventh Circuit has endorsed a three-part test that can be used to determine whether § 2255 is inadequate or ineffective to test the legality of a prisoner's detention under the savings clause. *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). The *Wofford* test requires a petitioner to show that: "(1) the claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford*, 177 F.3d at 1244. A prisoner must satisfy all three prongs of this test before the *Wofford* threshold is met.

Although captioned as a § 2241 petition, petitioner is challenging the validity of his judgment of conviction and sentence, not the execution of his sentence. Both of petitioner's present claims are direct appeal or § 2255 claims that could have been raised in an earlier proceeding. Petitioner asserts that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention, for the following reason:

> This is a plea of "bar coram non judice" whereby the trial court and sentencing judge is either without an "Oath of Office" pursuant to Title 28 USC § 453, or has violated this federal "Oath" through violation of the U.S. Constitution. Therefore any remand to the sentencing court, or this petition being construed as a § 2255 motion is hereby strenuously objected to as a superfluous engagement intended purely to impede lawful remedy under Habeas Corpus. Requests for Admissions to F.R.Civ.P. Rule 36 with Demand for Rebuttal" pursuant to F.R.Civ.P. Rule 8(b)(6) are being served.

(Doc. 1, p. 6).

Petitioner meets none of the *Wofford* criteria. Petitioner's allegation – that the judge presiding over his criminal proceeding either failed to take, or would not uphold, the statutory oath of office – does not establish that a motion under § 2255

was an inadequate or ineffective remedy. Jurisdictional claims, like those presented here, are cognizable in § 2255 proceedings. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that . . . the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence."). More importantly, petitioner's argument ignores the fact that the *Wofford* case involved a jurisdictional claim, and, therefore, that decision itself establishes there is no jurisdictional exception to its requirements. *See Wofford*, 177 F.3d at 1238 (holding that federal prisoner claiming sentencing court lacked jurisdiction to sentence him could not seek relief under § 2241 unless the savings clause criteria outlined in that decision were met); *see also, e.g., Marshall v. United States*, — F. App'x —, 2013 WL 1235549 (11th Cir. Mar. 28, 2013) (affirming district court's dismissal of federal prisoner's § 2241 petition for petitioner's failure to satisfy all three *Wofford* requirements; prisoner's claim that he was innocent of his crime of conviction, aggravated identity theft, because he did not know that the Social Security number he unlawfully used belonged to an actual person, was not foreclosed at times when he could have asserted it, and thus prisoner could not satisfy the third *Wofford* requirement and consequently failed to "open the portal" under § 2255's savings clause, which was threshold requirement for entitlement to relief under § 2241; prisoner's claim was not foreclosed until he had already failed to assert it on direct appeal and in his initial § 2255 motion); *Bennett v. Warden, FCI Jesup*, — F. App'x —, 2013 WL 530837 (11th Cir. Feb. 13, 2013) (affirming district court's dismissal of federal prisoner's § 2241 petition because petitioner failed to satisfy the first *Wofford* requirement); *Ramos v. Warden, FCI Jesup*, 502 F. App'x 902, 904 (11th Cir. 2012) (holding that regardless of whether the three-part test articulated in

*Wofford* is considered dicta, federal prisoner could not use a § 2241 habeas petition to avoid the procedural restrictions on § 2255 motions when the prisoner failed to raise the claim at an earlier stage (*citing Wofford*, 177 F.3d at 1245)); *Santivanez v. Warden, FCC Coleman-USP II*, 416 F. App'x 833 (11th Cir. 2011) (affirming district court's dismissal of § 2241 in which federal prisoner made multiple claims that trial court lacked jurisdiction to convict and sentence him; petitioner failed to satisfy *Wofford* criteria for triggering savings clause); *Gaines v. Warden, FCC Coleman-USP-1*, 380 F. App'x 812, 814 (11th Cir. 2010) (same as to federal prisoner's attempt to use a § 2241 petition to challenge his conviction on the ground that the trial court lacked jurisdiction to convict him because 18 U.S.C. § 3231 was not properly enacted; petitioner failed to satisfy *Wofford* criteria for triggering savings clause).[4]

As petitioner has not demonstrated entitlement to pursue habeas corpus relief under the savings clause, he cannot bring his claims by § 2241. *See McGhee*, 604 F.2d at 10 (holding that a § 2241 petition "is not a substitute for a motion under § 2255. . . ."); *see also Wofford*, at 1245 ("[T]he savings clause does not exist to free a prisoner of the effects of his failure to raise an available claim earlier."); *Antonelli*, 542 F.3d at 1351 ("[A] prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on . . . § 2255 motions by nominally bringing suit under § 2241." (*citing Darby*, 405 F.3d at 945)).

The Court declines to construe petitioner's § 2241 petition as a § 2255 motion, because that would be futile, providing no relief here. Petitioner received his federal sentence in the United States District Court for the District of Rhode Island, and a § 2255 motion must be filed in the "court which imposed the sentence." 28 U.S.C. §

---

[4]These unpublished opinions are cited only as persuasive authority. *See* 11th Cir. R. 36-2.

2255(a); *see Medberry v Crosby*, 351 F.3d 1049, 1056-57 (11th Cir. 2003) (explaining that § 2255 alleviated procedural difficulties "by directing prisons to file the motion in the court where they were convicted"); *Owensby v. Clark*, 451 F.2d 206, 207-09 (5th Cir. 1971) (holding that a non-sentencing district court had no jurisdiction to hear a prisoner's habeas petition because the prisoner could have sought relief through a § 2255 motion, which should have been filed in the district court that sentenced him).

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1), be DISMISSED WITH PREJUDICE for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under § 2241.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 5th day of June, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).